```
UNITED STATES DISTRICT COURT
  NORTHERN DISTRICT OF INDIANA
       HAMMOND DIVISION


BAMCOR LLC, an Ohio              )
Corporation; MICHAEL WILLIS,     )
BRIAN CAPUTO,                    )
                                 )
          Plaintiffs             )
                                 )
      v.                         )   Case No. 2:08 cv 194
                                 )
JUPITER ALUMINUM CORPORATION,    )
an Illinois Corporation,         )
                                 )
          Defendant              )
```

## OPINION AND ORDER

This matter is before the court on the Motion to Dismiss Count IV of Plaintiffs' First Amended Complaint [DE 53] filed by the defendant, Jupiter Aluminum Corporation, on January 16, 2009. For the reasons discussed below, the motion is **GRANTED**.

### Background

This cause of action arises from a contract entered into in January 2007, between Bamcor, LLC and Jupiter Aluminum Corporation. Under this agreement, Bamcor was to perform certain work to rebuild and refurbish two hot mill rewinds and a tandem mill gearbox for Jupiter. On May 7, 2007, Jupiter received the hot mill rewinds and the gearbox from Bamcor. Several months later, on January 1, 2008, the gearbox failed due to a broken oil spray bar within the box which had been fabricated and installed in the gearbox by Bamcor. Due to the failure of the gearbox, Jupiter

refused to pay the costs and fees for Bamcor's services, claiming that Bamcor's work was deficient.

Bamcor filed suit against Jupiter in Ohio state court, alleging three counts. First, Bamcor claimed damages from Jupiter's failure to pay the costs associated with Bamcor's services. Second, Bamcor sought a declaratory judgment against Jupiter with respect to Jupiter's claims that Bamcor's work was deficient. Third, Bamcor alleged that Jupiter maliciously, with knowledge that the statements were false, slandered and/or libeled the quality of Bamcor's work with Bamcor's customers. On March 18, 2008, Jupiter removed this case from Ohio state court to the Northern District of Ohio, on the basis of diversity jurisdiction. On June 25, 2008, the Ohio federal court granted a motion to transfer venue to the Northern District of Indiana. On November 10, 2008, this court held a Rule 16 preliminary pretrial conference allowing amendments to the pleadings no later than December 12, 2008.

Bamcor amended its complaint on November 26, 2008. This amended complaint adds one new count, Count IV, alleging that Jupiter's contention that Bamcor's work on the gearbox caused that gearbox to fail will result in either Bamcor having to pay increased premiums to acquire insurance to stay in business or in the destruction of Bamcor's business. The amended complaint also adds two new parties, Michael Willis and Brian Caputo, named owners of Bamcor. On January 16, 2009, Jupiter filed an answer and counterclaim to Bamcor's amended complaint, affirmatively

2

stating, "Count IV is the subject of a motion to dismiss concurrently filed herewith . . . ." (Deft. Answer ¶¶ 16-23) On this same date, approximately three minutes after the answer was filed, Jupiter filed a Motion to Dismiss Count IV of Plaintiffs' First Amended Complaint.

## Discussion

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than that of fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" to show that a pleader is entitled to relief. The Supreme Court recently clarified its interpretation of the Rule 8(a)(2) pleading standard. Although Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." **Ashcroft v. Iqbal**, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." **Iqbal**, 129 S.Ct. at 1949 (*quoting* **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This pleading standard applies to all civil matters. **Iqbal**, 129 S.Ct. at 1953.

The decision in **Iqbal** outlined the two principles that underline the Rule 8(a)(2) pleading standard announced by **Twomb-**

*ly*. *See **Twombly***, 550 U.S. at 555, 127 S.Ct. 1955 (discussing Rule 8(a)(2)'s requirement that factual allegations in a complaint must "raise a right to relief above the speculative level"). First, a court must accept as true only *factual* allegations pled in a complaint; "[t]hreadbare recitals of the elements of a cause of action" that amount to "legal conclusions" are insufficient.[1] ***Iqbal***, 129 S.Ct. at 1949. Next, only complaints that state "plausible" claims for review will survive a motion to dismiss: if the pleaded facts do not permit the inference of more than a "mere possibility of misconduct," then the complaint has not met the pleading standard outlined in Rule 8(a)(2). ***Iqbal***, 129 S.Ct. at 1949-50. *See also **Brown v. JP Morgan Chase Bank***, ___ F.3d ___, 2009 WL 1761101 at *1 (7th Cir. June 23, 2009) (defining "facially plausible" claim as a set of facts that allow for a reasonable inference of liability). Thus, the Supreme Court suggests a two-step process for a court to follow when considering a motion to dismiss. First, any "well-pleaded factual allegations" should be assumed to be true by the court. Next, these allegations are reviewed to determine if they "plausibly" give rise to a claim that would entitle the complainant to relief. ***Iqbal***, 129 S.Ct. at 1949-50. Reasonable inferences from well-pleaded facts must be construed in favor of the plaintiff. ***Murphy v. Walker***, 51 F.3d 714, 717 (7th Cir. 1995). *See also*

---

[1] The Supreme Court has emphasized that a complainant's allegations will not be rejected as untrue simply because they may be "unrealistic or nonsensical. . . . It is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." ***Iqbal***, 129 S.Ct. at 1951.

*Maxie v. Wal-Mart Store*, ___ F.Supp. ___, 2009 WL 1766686 at *2 (N.D. Ind. June 19, 2009)(stating same).

At the outset, Bamcor argues that Jupiter's Motion to Dismiss Count IV should be denied because the motion was untimely. However, if the defendant files a Rule 12(b) motion simultaneously with the answer, the district court will view the motion as having preceded the answer and thus as having been interposed in timely fashion. 1Charles Alan Wright & Arthur R. Miller, 5C *Federal Practice and Procedure* §1361 at 93 (2004). *See also* **Kocon v. Lake County Sheriff's Dept.**, 2007 WL 1959239 *4 (N.D. Ind. June 29, 2007)(instructing that the proper time to file a motion to dismiss for failure to state a claim is before filing a responsive pleading, or in conjunction with an initial responsive pleading).

Jupiter filed the motion to dismiss three minutes later than its answer to Bamcor's amended complaint. Also, Jupiter stated in its answer to Count IV that "Count IV is the subject of a motion to dismiss being concurrently filed herewith . . . ." Because Jupiter not only filed its motion to dismiss simultaneously with its answer, but also mentioned in the answer the motion to dismiss Count IV, this motion to dismiss was timely, and Bamcor's argument to the contrary fails.

First, Jupiter argues that Willis and Caputo were not joined properly as plaintiffs by simply adding their names in the Amended Complaint and should be dismissed from the action. Although the discovery plan filed in the Ohio court system says

5

that the "recommended cut-off date for amending the pleadings *and/or adding additional parties*" was July 31, 2008, the Rule 16 Preliminary Pretrial Conference held in this court stated that "any amendments to the pleadings" had to be filed by December 12, 2008. The docket entry of the Rule 16 Conference of this court does not discuss additional parties, but it is common practice to add parties after an initial period of discovery. Therefore, the addition of Willis and Caputo was not improper.

Second, as to the merits of the claim, Jupiter gives several reasons supporting dismissal of Count IV. Jupiter argues that Count IV is barred due to the absolute privilege status of judicial pleadings. Statements made by the parties in judicial pleadings and other court filings are absolutely privileged, and cannot be used as a basis for defamation claims, if those statements are pertinent and relevant to the litigation. ***Miller v. Reinert***, 839 N.E.2d 731, 735 (Ind. App. 2006). *See also* ***Trotter v. Indiana Waste Systems, Inc.***, 632 N.E.2d 1159, 1162 (Ind. App. 1994)(stating same). Whether the privilege applies to certain statements presents a question of law for the court. ***Janky v. Batistatos***, 2008 WL 4411504 at *7 (N.D. Ind. Sept. 25, 2008).

Here, Jupiter alleges that Count IV is based solely on statements made by Jupiter in its counterclaim. Bamcor's amended complaint alleges that "Jupiter has made additional claims in its counterclaim that Bamcor's performance pursuant to the contract was deficient" and states in Count IV, that "Jupiter alleged and claimed that Bamcor's work on Jupiter's Westinghouse gearbox

6

caused that gearbox to fail, resulting in millions of dollars in damages to Jupiter." Bamcor seeks damages for defamation in Count IV because it alleges that Jupiter's claim is baseless. Jupiter's statements in its counterclaim that Bamcor's work on the gearbox was deficient are pertinent and relevant to the litigation. Therefore, these statements are protected by absolute privilege and cannot be the basis of an additional count.

However, Bamcor denies that Count IV is a defamation claim. Rather, Bamcor characterizes Count IV more as an abuse of process claim because of Jupiter's inability to identify any fact which supports Jupiter's counterclaim that Bamcor's work was deficient. The damages Bamcor claims flow from Bamcor's increased insurance cost and/or losses from ceasing operations. Bamcor relies on two statutes, one from Indiana and the other from Ohio, to show liability exists as a result of making baseless claims.

Ohio Revised Code §2323.51(B)(1) states, in relevant part, that ". . . any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." However, this statute cannot be relied on in this litigation because the statute is inapplicable in federal court. *See* ***First Bank of Marietta v. Harford Underwriters Ins. Co.***, 307 F.3d 501, 529 (6th Cir. 2002)(stating that §2323.51 is inapplicable in federal court because it is a state procedural law that conflicts with Rule 11, a federal procedural law). *See also* ***Pettrey v. Enterprise Title Agency, Inc.***, 2006 WL

3342633 at *2 (N.D. Ohio, Nov. 17, 2006) (stating that since the statute is procedural in nature, Rule 11 should govern the award of sanctions for frivolous conduct); *Collins v. Allen*, 2005 WL 1073369 at *2 (S.D. Ohio, Mar. 16, 2005)(stating that §2323.51 is a state procedural law that has no application in federal court). Because Bamcor's claim is pending in federal court, Bamcor cannot rely on Ohio Revised Code §2323.51.

Indiana Code §34-52-1-1(b) states that, "in all civil actions, the court may award attorney's fees as part of the cost to the prevailing party. . . ." This statute also does not apply here because it is a general rule of recovery for civil actions for attorney's fees. *See Connor v. Instant Cash Advance*, 2003 WL 446387 at *2 (S.D. Ind. Feb. 20, 2003)(stating that this statute provides that a prevailing party may be entitled to attorney's fees if the court finds that either party acted on a claim or defense that was frivolous, unreasonable, or groundless, or litigated the action in bad faith). As a means of relief to a prevailing party, §34-52-1-1(b) applies in the event of a judgment on the merits of a case and not before. *See Connor*, 2003 WL 446387 at *2 (holding that the appropriate remedy for baseless claims is to file a motion to dismiss or a motion for summary judgment since this statute cannot be applied before the merits of the case are decided). Because the merits of this case have not been decided, Bamcor cannot properly bring a claim under Indiana Code §34-52-1-1(b).

Therefore, Count IV in Bamcor's amended complaint fails the second prong of the *Iqbal* analysis. The allegations in Count IV do not "plausibly" give rise to a claim that would justify relief. First, there is no statement of law in the Count. Bamcor simply states that Jupiter made a baseless claim about Bamcor's work, which will result in losses to Bamcor. Therefore, the base of the claim cannot be determined from the pleadings. Second, both statutes that Bamcor allegedly bases Count IV on are inapplicable to this case at this point in the litigation. The Ohio statute does not apply in federal court, while the Indiana statute only applies for costs after the merits of a case have been decided. Therefore, there is no relief that Count IV is entitled to that is set out in the pleadings.

Bamcor's allegations that statements made by Jupiter regarding Bamcor's work will inevitably cause Bamcor a significant amount of damages fail to state a claim upon which relief can be granted. Therefore, the Motion to Dismiss Count IV is **GRANTED.**

---

For the aforementioned reasons, the Motion to Dismiss Count IV of Plaintiffs' First Amended Complaint [DE 53] filed by the defendant, Jupiter Aluminum Corporation, on January 16, 2009, is **GRANTED.**

ENTERED this 23rd day of September, 2009

                                      s/ ANDREW P. RODOVICH
                                        United States Magistrate Judge