UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
BAMCOR, LLC, MICHAEL WILLIS,   )
BRIAN CAPUTO,                  )
                               )
          Plaintiffs           )
                               )
     v.                        )   Case No. 2:08-cv-194
                               )
JUPITER ALUMINUM CORPORATION,  )
                               )
          Defendant            )
******************************)
JUPITER ALUMINUM CORPORATION,  )
                               )
          Counter Claimant     )
                               )
     v.                        )
                               )
BAMCOR LLC,                    )
                               )
          Counter Defendant    )
```

OPINION AND ORDER

This matter is before the court on the Rule 56(f) Motion to Stay Ruling on Jupiter Aluminum Corporation's Motion for Partial Summary Judgment Solely as to Count III of the Complaint [DE 124] filed by Plaintiff/Counter-claim Defendant Bamcor, LLC on April 7, 2010. For the reasons discussed below, the motion is **DENIED**.

Background

Jupiter Aluminum Corporation contracted with Bamcor, LLC, for Bamcor to rebuild and refurbish a gearbox for Jupiter's Hammond, Indiana facility. Three months after the gearbox was reinstalled in Jupiter's plant, the gearbox had to be shut down. An outside contractor discovered a broken spray bar inside the gearbox. The parties dispute the cause of the broken spray bar

which allegedly caused business interruption and damage to Jupiter's facility.

Bamcor filed a complaint against Jupiter in January 2008, requesting declaratory judgment that its work was not deficient, damages for breach of contract to recover the money it is allegedly owed under the contract, and damages for defamation against Jupiter. Jupiter brought a counterclaim against Bamcor alleging that Bamcor failed to perform its obligations under the contract.

Originally, non-expert discovery was set to close on September 15, 2008, and expert discovery on December 15, 2008. On August 25, 2008, the discovery deadlines were extended to December 15, 2008, for non-expert discovery and February 16, 2009, for expert discovery. At the November 10, 2008 preliminary pretrial conference, the discovery deadline again was extended until August 31, 2009. The court granted the parties' joint motion for extension of time to complete discovery at the February 24, 2009 telephonic status conference, moving the discovery deadline to October 30, 2009. The court subsequently extended discovery in an April 1, 2009 order, moving the deadline to November 30, 2009, and again on November 6, 2009, setting the final deadline for discovery on January 29, 2010.

On March 1, 2010, Jupiter filed a motion for partial summary judgment on Bamcor's declaratory judgment and defamation claims and Jupiter's counterclaim for breach of contract. That same day, Bamcor filed a motion for summary judgment on its claims. Bamcor's response to Jupiter's motion originally was due on April

1, 2010.  The court granted Bamcor an extension until April 12, 2010, in which to respond.  On April 7, 2010, Bamcor filed this motion under Federal Rule of Civil Procedure 56(f) in response to Jupiter's motion for summary judgment, arguing that it needs more time to respond so that it may take the deposition of Daniel Hoerchler, the CNA claims adjuster who handled Jupiter's insurance claim, who Bamcor believes has first-hand knowledge of the alleged defamation.

The parties dispute whether Bamcor had the knowledge and opportunity to depose Hoerchler within the discovery deadline. Bamcor believed that David Walker had knowledge of the alleged defamatory statements and intended to use his testimony to support its claims.  Bamcor claims that it was not until it was preparing Walker's affidavit to support its memorandum in opposition to Jupiter's motion for summary judgment that it first learned that Walker's knowledge of the alleged defamatory statements was derived entirely from Hoerchler.  Furthermore, Bamcor asserts that Hoerchler previously was unavailable to depose due to illness.  By Bamcor's own admission, it did not attempt to locate and depose Hoerchler within the discovery period.  Bamcor relied on the statements of the counsel for Hoerchler's employer, CNA, that Hoerchler was too ill to aid in discovery.  For this reason, Jupiter contends that Bamcor was not diligent in conducting discovery within the two year discovery period.

## Discussion

Federal Rule of Civil Procedure 56(f) states:

3

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

In order to succeed on a Rule 56(f) motion, the plaintiff must identify the specific evidence which would create a genuine issue of fact. *American Needle, Inc. v. National Football League*, 538 F.3d 736 (7th Cir. 2008). "Summary judgment should not be entered 'until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion.'" *Chalimoniuk v. Interstate Brands Corporation*, 172 F.Supp.2d 1055, 1057-58 (S.D. Ind. 2001)(*quoting* *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Rule 56(f) is not meant to allow a party to block summary judgment simply by offering generalities about the need for further discovery. *Woods v. City of Chicago*, 234 F.3d 979, 990-91 (7th Cir. 2001). "Rule 56(f) does not operate to protect parties who are dilatory in the pursuit of discovery." *Allan Block Corporation v. County Materials Corporation*, 588 F.Supp.2d 976, 980 (W.D. Wis. 2008)(*citing* *Doty v. Illinois Cent. R. Co.*, 162 F.3d 460, 461-62 (7th Cir. 1998).

A court may grant a Rule 56(f) motion on the grounds that issues of material fact were in dispute and the requesting party deserved the opportunity and benefit of discovery. *See Chalimoniuk*, 172 F.Supp.2d at 1057-58 (granting Rule 56(f) motion when

plaintiff moved for summary judgment before any discovery had taken place). Likewise, when issues material to the outcome of the matter are in question, the full benefit of discovery is deserved. *Id.* at 1059. However, a court may deny a Rule 56(f) motion when a party fails to pursue discovery in the allotted time frame. See ***Allan Block Corporation***, 588 F.Supp.2d at 980-81 ("It would be . . . inappropriate to continue trial to permit yet another period of discovery when plaintiff has failed to take full advantage of two lengthy opportunities for discovery."). *See also* ***Hu v. Park National Bank***, 333 Fed. Appx. 87, 89-90 (7th Cir. 2009) (affirming denial of Rule 56(f) motion because the plaintiff "did nothing during discovery" and waited until two months after Park National Bank had filed its motion for summary judgment to ask for additional time for discovery). Likewise, a court may deny a Rule 56(f) motion because the requesting party fails to identify with specificity the evidence it may have obtained with the additional discovery that would create a genuine issue of material fact. *See* ***American Needle Inc.***, 538 F.3d at 740 (affirming district court's denial of Rule 56(f) motion).

Bamcor requests that discovery be re-opened after discovery has been extended five times so that it may take the deposition of Hoerchler. However, where a party had an ample opportunity to complete discovery, the evidence it wishes to discover through the requested extension is not new knowledge, and the party fails to offer an explanation for its failure to uncover the evidence

5

during discovery, it is within the court's discretion to refuse to prolong the discovery process. ***Grayson v. O'Neill***, 308 F.3d 808, 816 (7th Cir. 2002). Jupiter's principals testified in February 2009, that they heard about the alleged defamatory statements from Walker. Bamcor had ample time from at least February 2009 until the close of discovery to follow up with Walker and to identify the source of his information. Furthermore, the evidence that Bamcor wishes to pursue is not newly discovered because this information was available during the discovery period and Bamcor was aware that Hoerchler had information regarding its claims. Bamcor has not offered any reason for its failure to obtain the evidence during discovery besides its own lack of diligence.

In determining whether a party has acted with diligence, the court considers

> (1) the length of the pendency of the case prior to the Rule 56(f) request; (2) whether and when plaintiff could have anticipated its need for the requested discovery; (3) the previous efforts, if any, made by plaintiff to obtain the needed information either through discovery or otherwise; (4) the degree and nature of discovery already undertaken; (5) any limitations placed upon discovery previously by the trial court; (6) any prior solicitations of or provisions for discovery by the trial court; (7) any warning which plaintiff might have had that, absent a speedier request, discovery might be denied and his claim dismissed; and (8) whether the requested information was inaccessible to plaintiff.
>
> ***Theotokatos v. Sara Lee Pers. Prods.***, 971 F.Supp. 332, 344 (N.D. Ill. 1997)

Bamcor had the burden of proof in establishing its defamation claim and should have anticipated the need for evidence to support its claim. Because Bamcor had the burden of proof to establish its defamation claim, it was Bamcor's responsibility to assure that it had adequate evidence to support its claim within the discovery period. Nothing suggests that Bamcor could not have discovered that Walker's knowledge was derived from statements made by Hoerchler or that Hoerchler would not have been able to be deposed had Bamcor contacted him within the discovery period. Rather, Bamcor was not diligent in checking the foundation of its evidence and assuring that it could support its claim even though the information it now seeks was available within the discovery period. "Where a party's own lack of diligence is to blame for the party's failure to secure discoverable information, it is not an abuse of discretion to deny a Rule 56(f) motion." *Grayson*, 308 F.3d at 816.

Based on the foregoing, the Rule 56(f) Motion to Stay Ruling on Jupiter Aluminum Corporation's Motion for Partial Summary Judgment Solely as to Count III of the Complaint [DE 124] filed by Plaintiff/Counterclaim Defendant Bamcor, LLC on April 7, 2010, is **DENIED.** Bamcor shall respond to the pending motion within 14 days of this Order.

ENTERED this 13th day of September, 2010

s/ ANDREW P. RODOVICH
United States Magistrate Judge