UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BAMCOR LLC, an Ohio           )
Corporation; MICHAEL WILLIS,  )
BRIAN CAPUTO,                 )
                              )
            Plaintiffs        )
                              )
        v.                    )   Case No. 2:08 cv 194
                              )
JUPITER ALUMINUM CORPORATION, )
an Illinois Corporation,      )
                              )
            Defendant         )

OPINION AND ORDER

This matter is before the court on the Motion for Leave to Take Trial Deposition [DE 144] filed by the Plaintiff/Counter Defendant Bamcor, LLC, on October 19, 2010. For the reasons set forth below, the motion is DENIED.

## Background

This matter arises from a contract dispute between the plaintiff, Bamcor LLC, and the defendant, Jupiter Aluminum Corporation. The court issued a scheduling order directing that discovery close on January 29, 2010. After the close of discovery, on March 1, 2010, Jupiter filed a motion for partial summary judgment. Bamcor responded by filing a motion to stay Jupiter's motion for partial summary judgment so that it could conduct further discovery, which included taking the deposition of Daniel Hoerchler, an insurance claims adjuster who was involved in the

dispute. The court denied Bamcor's motion for leave to conduct Hoerchler's deposition because of Bamcor's failure to procure Hoerchler's testimony during the discovery period despite its knowledge of Hoerchler's involvement. Bamcor now moves to conduct a trial deposition of Hoerchler, arguing that Hoerchler's medical conditions may inhibit his availability to testify at trial.

## Discussion

Under Federal Rule of Civil Procedure 16(b), the court is required to issue a scheduling order setting forth the deadlines for the parties to complete discovery and file motions. "A schedule may be modified only for good cause and with the judge's consent." Rule 16(b)(4). Good cause is shown when despite a party's diligence, the time table could not reasonably have been met. See Link v. Taylor, 2009 WL 281054, *2 (N.D. Ind. Feb. 2, 2009).

During the discovery period, the parties may obtain discovery of anything that may lead to relevant evidence through a variety of tools. Federal Rule of Civil Procedure 26(b)(1). As one tool of discovery, Federal Rule of Civil Procedure 32(a)(4)(C), permits parties to take depositions of anyone whose testimony may lead to relevant, admissible evidence. Because discovery is conducted for the purpose of gathering new information, some courts have drawn a distinction between depositions

taken during the course of discovery with the goal of ascertaining new information, and trial depositions taken to preserve information that the party already has knowledge of, but would be otherwise unavailable. Spangler v. Sears, Roebuck and Co., 138 F.R.D. 122, 124-25 (S.D. Ind. 1991); Charles v. Wade, 665 F.2d 661, 665 (5th Cir. 1982). The courts that have recognized the practice of taking trial depositions have found them to be outside the scope of discovery and not bound by the court's scheduling order because they differ from discovery depositions. Spangler, 138 F.R.D. at 125 ("[T]his court expected that the parties would not be guided merely by the express terms of this court's order"); Charles, 665 F.2d at 665.

When a party opposes a trial deposition scheduled for after the close of discovery, the court must assess whether the deposition is being taken for the purpose of preserving testimony or whether it is a pretext for the party's failure to procure the deposition during the discovery period. Charles, 665 F.2d at 665. The court should consider a variety of factors in making this determination, including the unavailability of the witness for trial, the potential for prejudice to the opposing party, and whether the deposing party knew the information the potential witness would testify to prior to the deposition. Charles, 665 F.2d at 664-65. Special emphasis should be placed on the potential for prejudice because the witness' unavailability may not be

known until shortly before trial and, given the nature of depositions, both parties are likely to learn new information. Spangler, 138 F.R.D. at 124. If the court permits a trial deposition to be taken, and it is later revealed that the party who requested the deposition took it solely for discovery purposes rather than to memorialize testimony for later use at trial, sanctions may be issued against that party for violating the court's scheduling order. Spangler, 138 F.R.D. at 124. The court's determination is subject to an abuse of discretion review. Charles, 665 F.2d at 667.

Bamcor's request for leave to take the trial deposition of Hoerchler was filed long after the close of discovery. Bamcor has not shown good cause for its latest request, filed after its first request was denied. Bamcor has now sculpted its request as one for leave to conduct a trial deposition to preserve Hoerchler's testimony for trial. In light of Bamcor's previous Rule 56(f) motion that requested leave to take the discovery deposition of Hoerchler, the court is skeptical of Bamcor's true motive for filing this motion.

In assessing the factors outlined above, Bamcor has referenced Hoerchler's medical problems, but it failed to identify the nature and severity of his medical conditions, making it difficult to assess Hoerchler's later availability. Furthermore, it is unlikely that Bamcor has knowledge of the information Hoerch-

4

ler will attest to. Bamcor previously requested leave to conduct further discovery, which included taking Hoerchler's testimony. In its previous motion, Bamcor explained that Hoerchler would not discuss the incidents related to this matter absent a subpoena. In light of this, it is apparent that Bamcor needed to conduct further discovery to ascertain the facts within Hoerchler's knowledge. Bamcor cannot now disguise its need to conduct further discovery as a request to take a trial deposition and expect the court to turn a blind eye to its recent failed attempt to conduct a discovery deposition of the same witness.

Bamcor's request also poses a risk of prejudice to Jupiter. If Hoerchler testifies at trial, allowing Bamcor to conduct Hoerchler's deposition may place Bamcor in a better position for cross-examining Hoerchler. In the cases Bamcor points to in support of its motion, the risk of prejudice was reduced because the scheduling order either contemplated scheduling trial depositions after the close of discovery if certain conditions that the parties agreed to were met, or the unavailability of the witness was absolute, eliminating the potential for the deposing party to then be advantaged when examining the witness at trial. Such is not the case here. The court's scheduling order did not contemplate trial depositions and should not be amended to allow trial depositions absent a showing of good cause. Bamcor failed to show good cause because it did not submit evidence that would

allow the court to assess Hoerchler's availability.  Under the facts that were submitted, Hoerchler's unavailability is not absolute, adding to the potential for prejudice.  It would be a blatant disregard to the court's scheduling order to now allow Bamcor to conduct Hoerchler's deposition in light of its obvious need to conduct discovery of the facts Hoerchler will attest to if called as a witness.

Because the scheduling order does not contemplate conducting trial depositions under any circumstances, Bamcor has not submitted sufficient evidence to establish Hoerchler's unavailability, and the record reflects that Bamcor does not have knowledge of Hoerchler's testimony, it would be an abuse of discretion for the court to now allow Bamcor to conduct Hoerchler's deposition and ignore the court's discovery deadlines absent good cause.

_____

For the foregoing reasons, the Motion for Leave to Take Trial Deposition [DE 144] filed by the Plaintiff/Counter Defendant Bamcor, LLC, on October 19, 2010, is DENIED.

ENTERED this 29th day of November, 2010

                                              s/Andrew P. Rodovich
                                                United States Magistrate Judge